UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION
Case No.:  9:12-cv-2804-SB

| | |
|---|---|
| David Case, Sharon Case, Jay D. Smith, Dana Smith, Roger Harris, Sandra Harris, Stuart B. Bernthol and Marietta D. Bernthol, as co-trustees of the Bernthol Family Trust dated September 6, 1991, Kim Goodwin, Margie Goodwin, and Phil Reed Properties Ltd., LLP, Charles and Diane Nichols, Edwin L. Rindfusz, Rose M. Rindfusz, Kenneth Stithem, and Laurie Stithem each individually and on behalf of a class similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>French Quarter III, LLC, Resort Funding, LLC,., Spinnaker Development Corporation, Inc., Southwind Management Corp., Southwind Holdings, Inc., Ken Taylor, and Brian Taylor,<br><br>Defendants. | **ANSWER OF DEFENDANTS SPINNAKER DEVELOPMENT CORP., INC., KEN TAYLOR, SOUTHWIND HOLDINGS, INC., SOUTHWIND MANAGEMENT CORP., AND FRENCH QUARTER III, LLC, TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

NOW COME Defendants Spinnaker Development Corp., Inc., and Ken Taylor (hereinafter collectively, "Spinnaker Defendants") and Southwind Management Corp. and Southwind Holdings, Inc. (hereinafter collectively the "Southwind Defendants"), and French Quarter III, LLC,  who, subject to and reserving their motion to dismiss some of Plaintiffs' claims, which motion is filed contemporaneously herewith, answer Plaintiffs' Second Amended Complaint as follows:

**I.  PARTIES**

1.      These defendants are without sufficient knowledge or information to form a belief

as to the allegations contained in Paragraph 1 and, on that basis, deny same.

2.      These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 2 and, on that basis, deny same.

3.      These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 3 and, on that basis, deny same.

4.      These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 4 and, on that basis, deny same.

5.      These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 5 and, on that basis, deny same.

6.      These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 6 and, on that basis, deny same.

7.      These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 7 and, on that basis, deny same.

8.      These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 8 and, on that basis, deny same.

9.      These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 9 and, on that basis, deny same.

10.     By way of response to the allegations contained in Paragraph 10, these defendants deny that class treatment is appropriate and demand strict proof regarding each and every element required for certification of a class pursuant to a Rule 23, Fed. R. Civ. P.  These defendants deny all remaining allegations contained in Paragraph 10.

11.     By way of response to the allegations contained in Paragraph 11, these defendants deny that class treatment is appropriate and demand strict proof regarding each and every element required for certification of a class pursuant to a Rule 23, Fed. R. Civ. P.  These

defendants deny all remaining allegations contained in Paragraph 11.

12.    By way of response to the allegations contained in Paragraph 12, these defendants deny that class treatment is appropriate and demand strict proof regarding each and every element required for certification of a class pursuant to a Rule 23, Fed. R. Civ. P.  These defendants deny all remaining allegations contained in Paragraph 12.

13.    By way of response to the allegations contained in Paragraph 13, these defendants deny that class treatment is appropriate and demand strict proof regarding each and every element required for certification of a class pursuant to a Rule 23, Fed. R. Civ. P.  These defendants deny all remaining allegations contained in Paragraph 13.

14.    These Defendants admit the allegations contained in Paragraph 14.

15.    These Defendants admit the allegations contained in Paragraph 15 upon information and belief.

16.    By way of Answer to the allegations contained in Paragraph 16 of the Second Amended Complaint, Spinnaker Development Corp., Inc. (hereinafter, "SDCI") admits that it is a corporation formed pursuant to the laws of the State of South Carolina.  Spinnaker admits only that it was the 100% owner of Regency Resorts, Inc. subsequent to that company's formation on April 12, 2005.  Spinnaker Development denies owning any interest in Regency Holdings Group, LLC at any time.  All remaining allegations contained in Paragraph 16 are denied.

17.    These defendants admit the allegations contained in Paragraph 17.

18.    These defendants admit the allegations contained in Paragraph 18.

19.    Denied.

20.    Admitted upon information and belief.

## II.  JURISDICTION AND VENUE

21.    These defendants are without sufficient knowledge or information to form a belief

as to the allegations contained in Paragraph 21 and, on that basis, deny same.

22.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 22 and, on that basis, deny same.

23.    These defendants deny that there were any closings in Hilton Head, South Carolina.  These defendants admit only that one or more of them is domiciled in the State of South Carolina and that some South Carolina corporations entered into contracts with respect to the French Quarter development.   All remaining allegations contained in Paragraph 23 are denied.

## III.  FACTUAL BACKGROUND

24.    These defendants are informed and believe that the named Plaintiffs in this matter purchased timeshare intervals in either Building 8 or the prospective Building 9 adjacent to the French Quarter development in Branson, Missouri.   These Defendants deny all remaining allegations contained in Paragraph 24.

### A.   French Quarter Corporate Structure

25.    These defendants deny all allegations contained in Paragraph 25.

26.    These defendants deny all allegations contained in Paragraph 26.

27.    These defendants deny all allegations contained in Paragraph 27.

28.    These defendants den y all allegations contained in Paragraph 28.

29.    These defendants deny all allegations contained in Paragraph 29.

30.    By way of Answer to the allegations contained in Paragraph 30, these defendants admit only that SDCI obtained a controlling interest in French Quarter Group, French Quarter Group II, and Grand Regency Group when its subsidiary, Regency Resorts, succeeded to the interests of Whiteoaks Management and became a member of those limited liability companies in 2005.  These defendants deny any involvement in French Quarter Group III as of January 1,

2005.  These Defendants further deny operating the French Quarter development in any form or fashion at that time.  All remaining allegations contained in Paragraph 30 are denied.

31.    Admitted.

**B.  The Purchase and Loss of French Quarter Timeshares**

32.    Admitted upon information and belief.

33.    Admitted upon information and belief.

34.    Admitted upon information and belief.

35.    Admitted upon information and belief.

36.    Admitted upon information and belief.

37.    Admitted upon information and belief.

38.    Admitted upon information and belief.

39.    Admitted upon information and belief.

40.    Admitted upon information and belief.

41.    By way of answer to the allegations contained in Paragraph 41, these defendants crave reference to the document entitled "Interval Ownership Contract Agreement And Installment Note" which speaks for itself.  All remaining allegations contained in Paragraph 41 are denied.

42.    By way of Answer to the allegations contained in Paragraph 42, these defendants crave reference to the purchase agreements executed by the named Plaintiffs with French Quarter Group, II or French Quarter Group, III respectively, which agreements speak for themselves.  All remaining allegations contained in Paragraph 42 are denied.

43.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 43 and, on that basis, deny same.

44.    These defendants are without sufficient knowledge or information to form a belief

as to the allegations contained in Paragraph 44 and, on that basis, deny same.

45.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 45 and, on that basis, deny same.

46.    These Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 46 and, on that basis, deny same.

47.    These Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 47 and, on that basis, deny same.

48.    Denied.

49.    Denied.

50.    Denied as pled.

51.    Denied as pled.

52.    By way of Answer to the allegations contained in Paragraph 52, these Defendants aver upon information and belief that, because of the actions of third parties who are not party to this lawsuit, the developer of the Building 8 property was prevented from recording the Master Deed and Covenants of the Regime.   These defendants deny the allegations contained in Paragraph 52 with respect to with respect to Building 9.

53.    Denied upon information and belief.

54.    Denied upon information and belief.

55.    Admitted.

56.    Denied as pled.

57.    Denied.

58.    Denied.

59.    Admitted upon information and belief.

60.    These Defendants admit only that French Quarter Group, LLC and French

Quarter Group II, LLC continued to enter into contracts of sale of timeshare intervals for Building 8. These Defendants deny that there was a foreclosure pending on the property on which Building 9 was intended to be constructed. All remaining allegations contained in Paragraph 60 are denied.

61.    By way of Answer to Paragraph 61, these Defendants are informed and believe that Resort Funding followed the terms and conditions of the Hypothecation Loan Agreement between it and French Quarter Group regarding assignments of approved purchase contracts for timeshare intervals. All remaining allegations contained in Paragraph 61 are denied.

62.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 62 and, on that basis, deny same..

63.    Denied.

64.    Admitted upon information and belief.

65.    Admitted upon information and belief.

66.    Admitted upon information and belief.

67.    Denied.

68.    Admitted upon information and belief.

69.    Admitted upon information and belief.

70.    By way of Answer to the allegations contained in Paragraph 70, these Defendants crave reference to the terms and conditions of the Asset Purchase Agreement between the Bankruptcy Trustee and Southwind Holdings, which speaks for itself. All remaining allegations contained in Paragraph 70 are denied.

**C.    Property Management by Southwind Management**

71.    By way of Answer to the allegations contained in Paragraph 71, these Defendants admit only that Southwind Management Corp. is a business entity formed pursuant to the laws of

the State of South Carolina.  These Defendants admit only that Southwind Management Corp. contracted with French Quarter Associations to manage the respective French Quarter timeshare properties and, pursuant to the terms of the respective management contracts, Southwind Management collected maintenance fees, taxes, insurance, assessments, and other common expenses from timeshare owners as required by those management contracts.  All remaining allegations contained in Paragraph 71 are denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     These Defendants admit only that Southwind Management contracted with French Quarter Homeowner Associations to manage the respective French Quarter timeshare properties and, pursuant to the terms of the respective management contracts, Southwind Management collected maintenance fees, taxes, insurance, assessments, and other common expenses from timeshare owners as required by those management contracts.  All remaining allegations contained in Paragraph 75 are denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     These Defendants admit only that in December 2010, Southwind Management provided notice to the members of the particular French Quarter Homeowner Associations that had been anticipated incorporate the Building 8 property that a lender had commenced foreclosure proceedings on the building.  These Defendants deny all remaining allegations contained in Paragraph 79.

80.     These defendants crave reference the correspondence to timeshare owners

regarding the pendency of the bankruptcy and to the correspondence forwarded to those owners from the Trustee.  All remaining allegations contained in Paragraph 80 are denied.

81.    These defendants crave reference the correspondence to timeshare owners regarding the pendency of the bankruptcy and to the correspondence forwarded to those owners from the Trustee.  All remaining allegations contained in Paragraph 81 are denied.

82.    Denied.

83.    By way of answer to the allegations contained in Paragraph 83, these defendants assert that Southwind Holdings purchased only those assets described in the Asset Purchase Agreement with the Trustee in Bankruptcy that was approved by the Court and no more.  All remaining allegations contained in Paragraph 83 are denied.

84.    Denied.

85.    Denied.

**D.    Resort Funding**

86.    These defendants are without sufficient knowledge or information to form a belief as to the business operations of the French Quarter timeshare development prior to 2005 and, on that basis, denies same.

87.    By way of answer to the allegations contained in Paragraph 87, these defendants refer to the Construction Loan agreement between Resort Funding and French Quarter Group and Grand Regency Group.  These defendants are without sufficient knowledge or information regarding any other allegations contained in Paragraph 87 and, on that basis, deny same.

88.    By way of answer to the allegations contained in Paragraph 88, these defendants refer to the Hypothecation Loan agreement between Resort Funding and French Quarter Group and Grand Regency Group.  These defendants are without sufficient knowledge or information regarding any other allegations contained in Paragraph 87 and, on that basis, deny same.

89.     By way of answer to the allegations contained in Paragraph 89, these defendants refer to the Loan Agreement between Resort Funding and French Quarter Group II.  These defendants are without sufficient knowledge or information regarding any other allegations contained in Paragraph 89 and, on that basis, deny same.

90.     These defendants admit only that SDCI guaranteed the Hypothecation Loan and Construction Loan.  All remaining allegations contained in Paragraph 90 are denied.

91.     These defendants are without sufficient knowledge or information to form a belief as to Paragraph 91 and its subparts and, on that basis, deny same.  By way of further answer to the allegations contained in Paragraph 90, these defendants refer to the Hypothecation Loan Agreement, which sets forth the terms and conditions of the dealings between Resort Funding and French Quarter Group.

92.     These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 92, together with all subparts thereto, and, on that basis denies same.

93.     By way of answer to the allegations contained in Paragraph 93, these defendants admit, upon information and belief, that Resort Funding and French Quarter Group each performed pursuant to the terms and conditions set forth in the Hypothecation Loan Agreement.  All remaining allegations contained in Paragraph 93 are denied.

94.     These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 94 and, on that basis, deny same.

95.     These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 95 and, on that basis, deny same.

96.     These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 96 and, on that basis, deny same.

97.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 97 and, on that basis, deny same.

**E.    Class Allegations**

98.    Admitted upon information and belief.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

## FOR A FIRST CAUSE OF ACTION
### BREACH OF CONTRACT AGAINST RESORT FUNDING, SOUTHWIND MANAGEMENT, SPINNAKER DEVELOPMENT CORP., KEN TAYLOR, AND BRIAN TAYLOR

By way of answer to the unnumbered paragraph preceding Paragraph 106, these defendants incorporate Paragraphs 1 through 105 above as if restated fully herein.

**A.    Contracts between Plaintiffs and French Quarter Group**

106.    These defendants admit only that, upon information and belief, French Quarter Group II and French Quarter Group III sold timeshare intervals to some, but not all, purchasers of intervals in Building 8 and Building 9.  All remaining allegations are denied.

107.    Denied upon information and belief.

108.    Denied.

109.    These defendants deny the allegations contained in Paragraph 109 together with all subparts thereto.

110.    Denied.

111.    Denied.

112.    Denied.

**B.        Contracts assumed by Resort Funding**

113.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 113 and, on that basis, deny same.

114.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 114, including all subparts thereto, and, on that basis, deny same.

115.    Denied.

116.    Denied.

**C.        Contracts between All Plaintiffs and Southwind Management**

117.    By way of response to the allegations contained in Paragraph 117, Southwind Management admits only that it was retained by the French Quarter Condominium III Owners Association – as well as other owners associations at the French Quarter resort – to perform such tasks as were specified in those contracts.  Southwind Management denies that those contracts were for the direct benefit of any person or entity that was not a party to those contracts.  These defendants deny all remaining allegations contained in Paragraph 117.

118.    By way of response to the allegations contained in Paragraph 118, Southwind Management refers to the specific contracts with French Quarter Condominium III Owners Association.  These defendants deny all remaining allegations contained in Paragraph 118.

119.    Southwind Management denies all allegations contained in Paragraph 119, together with all subparts thereto.  The remaining defendants likewise deny the allegations contained in Paragraph 119.

120.    Denied.

121.    Denied.

## FOR A SECOND CAUSE OF ACTION
### NEGLIGENCE AGAINST RESORT FUNDING

By way of answer to the unnumbered paragraph preceding Paragraph 122, these defendants incorporate Paragraphs 1 through 121 above as if restated fully herein.

### A.    As to all Plaintiffs

122.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 122 and, on that basis, deny same.

123.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 123, together with all subparts thereto, and, on that basis, deny same.

124.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 124 and, on that basis, deny same.

125.    Denied.

### B.    As to Resort Funding Subclasses

126.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 126 and, on that basis, deny same.

127.    These defendants deny all allegations contained in Paragraph 127, including all subparts thereto, and refer to the Hypothecation Loan Agreement between Resort Funding and French Quarter Group for the terms and conditions of Resort Funding's hypothecation.

128.    Denied.

129.    Denied.

## FOR A THIRD CAUSE OF ACTION
### NEGLIGENCE AGAINST KEN TAYLOR,
### SPINNAKER DEVELOPMENT, AND BRIAN TAYLOR

By way of answer to the unnumbered paragraph preceding Paragraph 130, these

defendants incorporate by reference Paragraphs 1 through 129 above as if restated fully herein.

130.    Denied.

131.    These defendants deny the allegations contained in Paragraph 131, together with all subparts thereto.

132.    Denied.

133.    Denied.

134.    Denied.

## FOR A FOURTH CAUSE OF ACTION
### NEGLIGENCE AGAINST SOUTHWIND MANAGEMENT

By way of answer to the unnumbered paragraph preceding Paragraph 135, these defendants incorporate Paragraphs 1 through 134 above as if restated fully herein.

135.    In response to the allegations contained in Paragraph 135, Southwind Management denies it owed any duty beyond those set forth specifically in its contracts with French Quarter Condominium III Owners Association, nor did it owe any duty to any party other than those parties to its management contracts.  All remaining allegations contained in Paragraph 135 are denied.

136.    Southwind Management and these defendants deny all allegations contained in Paragraph 136 together with all subparts thereto.

137.    Denied.

138.    Denied.

## FOR A FIFTH CAUSE OF ACTION
### CONSPIRACY AGAINST ALL DEFENDANTS

By way of answer to the unnumbered paragraph preceding Paragraph 139, these defendants incorporate by reference Paragraphs 1 through 138 above as if restated fully herein.

139.    Denied.

140.    Denied.

141.    Denied.

## FOR A SIXTH CAUSE OF ACTION
### MISSOURI MERCHANDISING PRACTICES ACT AGAINST RESORT FUNDING, KEN TAYLOR, BRIAN TAYLOR, SPINNAKER DEVELOPMENT, FRENCH QUARTER GROUP III AND SOUTHWIND MANAGEMENT

By way of answer to the unnumbered paragraph Preceding Paragraph 142, these defendants incorporate by reference Paragraphs 1 through 141 above as if restated fully herein.

142.    Denied.

143.    Denied.

144.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 144 and, on that basis, deny same.

145.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 145 and, on that basis, deny same.

146.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 146 and, on that basis, deny same.

147.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 147 and, on that basis, deny same.

148.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 148 and, on that basis, deny same.

149.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 149 and, on that basis, deny same.

150.    These Defendants admit only that Southwind Management contracted with French Quarter Associations to manage the respective French Quarter timeshare properties and, pursuant to the terms of the respective management contracts, Southwind Management collected

maintenance fees, taxes, insurance, assessments, and other common expenses from timeshare owners as required by those management contracts. All remaining allegations contained in Paragraph 150 are denied.

151.   These Defendants admit only that Southwind Management contracted with French Quarter Associations to manage the respective French Quarter timeshare properties and, pursuant to the terms of the respective management contracts, Southwind Management collected maintenance fees, taxes, insurance, assessments, and other common expenses from timeshare owners as required by those management contracts. All remaining allegations contained in Paragraph 151 are denied.

152.   Denied.

153.   Denied.

154.   Denied.

155.   Denied together with all subparts thereto.

156.   Denied.

157.   Denied.

158.   Denied.

## FOR A SEVENTH CAUSE OF ACTION
### MONEY HAD AND RECEIVED AGAINST
### RESORT FUNDING, FRENCH QUARTER III, SPINNAKER
### AND SOUTHWIND MANAGEMENT

By way of answer to the unnumbered paragraph preceding Paragraph 159, these defendants incorporate Paragraphs 1 through 158 above as if restated fully herein.

159.   These defendants admit only that Southwind Management was retained by the French Quarter Owners Associations to manage the respective French Quarter timeshare properties and, pursuant to the terms of the respective management contracts, Southwind Management collected maintenance fees, taxes, insurance, assessments, and other common

expenses from timeshare owners as required by those management contracts.  All remaining allegations contained in Paragraph 159 are denied.

160.    These defendants admit only that Southwind Management was retained by the French Quarter Owners Associations to manage the respective French Quarter timeshare properties and, pursuant to the terms of the respective management contracts, Southwind Management collected maintenance fees, taxes, insurance, assessments, and other common expenses from timeshare owners as required by those management contracts.  All remaining allegations contained in Paragraph 160 are denied

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied

165.    These defendants deny the allegations contained in Paragraph 165 as are applicable to them.  These defendants are without sufficient knowledge or information to form a belief as to the allegations that pertain to other defendants and, on that basis, deny same.  All remaining allegations are denied.

166.    These defendants deny the allegations contained in Paragraph 166 as are applicable to them.  These defendants are without sufficient knowledge or information to form a belief as to the allegations that pertain to other defendants and, on that basis, deny same.  All remaining allegations are denied.

167.    These defendants deny the allegations contained in Paragraph 167 as are applicable to them.  These defendants are without sufficient knowledge or information to form a belief as to the allegations that pertain to other defendants and, on that basis, deny same.  All remaining allegations are denied.

168.    These defendants deny the allegations contained in Paragraph 168 as are applicable to them.  These defendants are without sufficient knowledge or information to form a belief as to the allegations that pertain to other defendants and, on that basis, deny same.  All remaining allegations are denied.

169.    Denied

170.    Denied

## FOR AN EIGHTH CAUSE OF ACTION
### SUCCESSOR LIABILITY AGAINST SOUTHWIND HOLDINGS

By way of answer to the unnumbered paragraph preceding Paragraph 171, these defendants incorporate Paragraphs 1 through 170 above as if restated fully herein.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

## FOR A NINTH CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C.A. $1692
### AGAINST RESORT FUNDING AND SOUTHWIND MANAGEMENT

By way of answer to the unnumbered paragraph preceding Paragraph 177, these defendants incorporate Paragraphs 1 through 176 above as if restated fully herein.

177.    These defendants deny the allegations contained in Paragraph 177 as are applicable to them.  These defendants are without sufficient knowledge or information to form a belief as to the allegations that pertain to other defendants and, on that basis, deny same.  All remaining allegations are denied.

178.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 178 and, on that basis, deny same.

179.    These defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 179 and, on that basis, deny same.

180.    Denied.

181.    Denied.

182.    Denied.

## FOR A TENTH CAUSE OF ACTION
### R.I.C.O., 18 U.S.C.A. § 1962
### AGAINST KEN TAYLOR, BRIAN TAYLOR, RESORT FUNDING,
### SPINNAKER DEVELOPMENT, AND SOUTHWIND MANAGEMENT

By way of answer to the unnumbered paragraph preceding Paragraph 183, these defendants incorporate Paragraphs 1 through 182 above by reference as if restated fully herein.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied together with all subparts thereto.

192.    Denied.

193.    Denied upon information and belief.

194.    Denied upon information and belief.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied upon information and belief.

205.    Denied.

## IV.    PRAYER FOR RELIEF

These defendants deny Plaintiffs' WHEREFORE paragraph together with all subparts thereto and deny that plaintiffs, or any of them, are entitled to any relief whatsoever.

### FOR A SECOND DEFENSE

206.    All allegations not specifically admitted are denied.

### FOR A THIRD DEFENSE

207.    Plaintiffs have failed to state claims for which relief may be granted.

### FOR A FOURTH DEFENSE

208.    Plaintiffs have failed to plead the elements of their claims with the specificity required by Rule 9, Fed. R. Civ. P.

### FOR A FIFTH DEFENSE

209.    Plaintiffs have failed to allege any required elements that would permit the Court to certify a class of plaintiffs under Rule 23, Fed.R.Civ.P.

### FOR A SIXTH DEFENSE

210.    Plaintiffs' proposed class(es) cannot be certified because the claims asserted are not typical; are not common to the class; and the purported class representatives cannot adequately represent the absent class members.

### FOR A SEVENTH DEFENSE

211.    Plaintiffs' claims are barred by the doctrine of unclean hands

### FOR AN EIGHTH DEFENSE

212.    Plaintiffs' claims, or any of them, are barred pursuant to the doctrines of waiver, estoppel, and laches.

### FOR A NINTH DEFENSE

213.    Plaintiffs' claims, or any of them, are barred pursuant to the applicable statute of

limitations.

## FOR A TENTH DEFENSE

214.    Plaintiffs have failed to allege the prerequisites for piercing the corporate veil, amalgamation of interests, or imposition of the doctrine of alter ego with respect to these defendants.

## FOR AN ELEVENTH DEFENSE

215.    Plaintiffs have failed to plead special damages with the specificity required under Rule 9 Fed. R. Civ. P.

## FOR A TWELFTH DEFENSE

216.    Plaintiffs lack standing to assert claims against Southwind Management individually and have failed to satisfy the prerequisites for asserting claims in a derivative capacity.

## FOR A THIRTEENTH DEFENSE

217.    Plaintiffs possess no right of action against Southwind Management.

## FOR A FOURTEENTH DEFENSE

218.    Plaintiffs' damages, which are specifically denied, are limited by the contracts executed by them.

## FOR A FIFTEENTH DEFENSE

219.    Southwind Holdings may not be held liable to these plaintiffs inasmuch as it purchased its interests in specified assets at French Quarter Resort from the Bankruptcy Trustee, and pursuant to Court approval and its liability is limited by the Asset Purchase Agreement and Order Approving Sale.

## FOR A SIXTEENTH DEFENSE

220.    Plaintiffs' damages or injury, which are specifically denied, were the proximate

result of others for whom these defendants are not responsible and for whose actions these defendants may not be held liable.

## FOR A SEVENTEENTH DEFENSE

221.    If Plaintiffs suffered any damage for which these defendants are not liable, and the same is expressly denied, Plaintiffs have failed to mitigate, avoid and reduce said damages.

## FOR AN EIGHTEENTH DEFENSE

222.    Plaintiffs' claims for punitive damages violate both the Fifth and Fourteenth Amendments of the United States Constitution and Section III of the South Carolina Constitution in that the jury's discretion to award punitive damages in any amount which it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

## FOR A NINETEENTH DEFENSE

223.    Plaintiffs are not entitled to recover punitive damages because these defendants, or any of them, did not act with willfulness, recklessness, or reckless disregard.

## FOR A TWENTIETH DEFENSE

224.    Plaintiffs have not been damaged.

## FOR A TWENTY-FIRST DEFENSE

225.    Plaintiffs have failed to mitigate their damages.

## FOR A TWENTY-SECOND DEFENSE

226.    Plaintiffs' claims, or any of them, are barred by the applicable Statute of Frauds.

## FOR A TWENTY-THIRD DEFENSE

227.    The actions taken by these defendants, or any of them, were justifiable, commercially reasonable, done in good faith, or without improper purpose.

## FOR A TWENTY-FOURTH DEFENSE

228.    Plaintiffs have failed to plead the necessary prerequisites of a claim under RICO

with the specificity required by law.

## FOR A TWENTY-FIFTH DEFENSE

229.    Plaintiffs' claims, or any of them, are barred by contract.

## FOR A TWENTY-SIXTH DEFENSE

230.    Discovery is just beginning in this case.  These defendants specifically reserve the

right to assert additional defenses, including counter claims, cross claims, and third party claims,

as may become available or apparent.


June 4, 2013

s/Richard S. Dukes, Jr.
Richard S. Dukes, Jr., Federal Bar No. 7340
E-mail:rdukes@turnerpadget.com
M. Britton Mason Hawk, Federal Bar No. 10085
E-Mail: bhawk@turnerpadget.com
**Turner Padget Graham & Laney P.A.**
P.O. Box 22129
Charleston, South Carolina  29413
Telephone: (843) 576-2800
Fax: (843) 577-3369
**ATTORNEYS FOR SOUTHWIND
MANAGEMENT CORP., SOUTHWIND
HOLDINGS, INC., FRENCH QUARTER III,
SPINNAKER DEVELOPMENT CORP., INC.,
AND KEN TAYLOR**